UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4377

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HENRY JEROME COOPER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Jackson L. Kiser, Senior District Judge.  (CR-03-106)

Argued:  May 25, 2006                    Decided:  June 20, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Randy Virlin Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant.  Ronald Andrew Bassford, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.  **ON BRIEF:** John L. Brownlee, United States Attorney, Jill Lowell, Third Year Practice Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Henry Jerome Cooper pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Cooper to 37 months of imprisonment. Cooper now appeals his sentence.

Cooper primarily contends that the district court improperly enhanced his sentence for assaulting a law enforcement officer during the course of immediate flight "in a manner creating a substantial risk of serious bodily injury" under U.S.S.G. § 3A1.2(b) (2003). We review the district court's legal determinations under the sentencing guidelines de novo and will not disturb its factual findings absent clear error. United States v. Harrison, 272 F.3d 220, 223 (4th Cir. 2001). Application Note 4(A) to § 3A1.2 provides that this adjustment "applies in circumstances tantamount to aggravated assault . . . against a law enforcement officer, committed in the course of, or in immediate flight following, another offense." Further, "its applicability is limited to assaultive conduct against such official victims that is sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" Id. Application Note 4(B) provides that "substantial risk of serious bodily injury" "includes any more serious injury that was risked, as well as actual serious bodily injury . . . if it occurs."

2

While we recognize that a simple assault on a law enforcement officer during the course of flight is insufficient to warrant the § 3A1.2(b) enhancement, we find that the facts of this case created a substantial risk of serious bodily injury to the law enforcement officer. The facts established that Cooper had a loaded nine millimeter firearm in his hand when he exited the vehicle, the firearm fell to the ground during a brief struggle with a law enforcement officer, and Cooper struck the officer in the face twice during the incident. When another officer retrieved the weapon and attempted to eject the magazine, it discharged into the ground. Therefore, we hold that the district court did not err in enhancing Cooper's sentence under § 3A1.2(b).

Cooper further contends that he is entitled to resentencing because the district court plainly erred by improperly finding facts at sentencing and applying the guidelines under a mandatory regime. See United States v. Booker, 543 U.S. 220, 267-68 (2005). At oral argument, Cooper conceded that he had failed to establish a Sixth Amendment error because the district court did not impose a sentence exceeding the maximum allowed based only on the facts he admitted. See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005). Inasmuch as Cooper argues that the district court plainly erred in applying the guidelines as mandatory, the record provides no nonspeculative basis for us to conclude that the treatment of the guidelines as mandatory affected the district

3

court's selection of the sentence imposed.  See <u>United States v. White</u>, 405 F.3d 208, 223 (4th Cir. 2005).  Therefore, Cooper is not entitled to be resentenced under <u>Booker</u>.  See <u>White</u>, 405 F.3d at 223-24.

Accordingly, we affirm the decision of the district court.

<u>AFFIRMED</u>