**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 11-4321**

—————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

COREY ANTWAN MIAL,

              Defendant - Appellant.

—————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:09-cr-00146-H-1)

—————

Submitted:  September 28, 2011    Decided:  November 21, 2011

—————

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Terry F. Rose, Smithfield, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, William M. Gilmore, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Antwan Mial pled guilty, without the benefit of a plea agreement, to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). Mial was initially sentenced to 110 months' imprisonment, and filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967). On the parties' consent motion, we remanded Mial's case to the district court for resentencing. Mial's revised advisory Guidelines range was calculated to be 84-105 months' imprisonment. The district court sentenced Mial to ninety-six months' imprisonment. On appeal, Mial raises two challenges to the procedural reasonableness of his sentence. We affirm.

Mial first contests the six-level enhancement he received pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3A1.2(c)(1) (2009). This enhancement was predicated on the probation officer's finding that, in fleeing from apprehension by the police, Mial assaulted the arresting officer, R.L. Boyce, "in a manner creating a substantial risk of serious bodily injury." USSG § 3A1.2(c)(1). In support of his objection to the enhancement, Mial testified that he could not have assaulted Boyce because he had dislocated his right shoulder eight days prior to his arrest, and his arm was in a sling. Mial's aunt also testified to Mial's shoulder injury. In response, the

2

prosecutor recounted Boyce's testimony, which had been offered in support of the same enhancement at Mial's first sentencing. According to Boyce, Mial knew Boyce was a police officer from prior interactions and called Boyce by name. While armed, Mial hit Boyce in the face and fled; Mial then removed his gun from the waistband of his pants and discarded it. Boyce caught Mial, at which point Mial struck Boyce several times in the chest and face, knocked him to the ground, climbed on top of him, and continued to hit him. Boyce required the assistance of another officer to quell the assault.

In overruling the objection, the district court expressly declined to credit Mial's testimony, which was, the court noted, uncorroborated by any objective proof. The court further noted that Mial was a four-time convicted felon who had a proclivity towards physical violence, including assaulting police officers.

In assessing an appellate challenge to the application of an enhancement, this court reviews for clear error the district court's factual findings underlying the application of that enhancement. United States v. Carter, 601 F.3d 252, 254 (4th Cir. 2010). We easily conclude that the district court committed no error, let alone clear error, in applying this enhancement. The district court was well-within its discretion to disbelieve Mial's testimony. See United States v. Layton,

3

564 F.3d 330, 334 (4th Cir.) (explaining that, in reviewing the district court's application of the Sentencing Guidelines, "[t]he district court's credibility determinations receive great deference" (internal quotation marks omitted)), cert. denied, 130 S. Ct. 290 (2009). Further, the facts as described in Boyce's testimony are sufficient to support the enhancement. See, e.g., United States v. Cooper, 185 F. App'x 286, 287-88 (4th Cir. 2006) (unpublished after argument) (upholding USSG § 3A1.2 enhancement when defendant possessed a firearm immediately prior to encounter with police officer; defendant struggled with the officer, striking him in the face two times; and, after defendant dropped the firearm, it was discharged by another officer).

Mial next challenges the reasonableness of his sentence. This court applies an abuse of discretion standard of review as to this claim. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). Reasonableness review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors,

4

analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). The explanation must be sufficient to allow for "meaningful appellate review," id. (internal quotation marks omitted), such that the appellate court need "not guess at the district court's rationale." Id. at 329.

Mial assigns procedural error to the district court's failure, despite Mial's request for a sentence at the low end of the Guidelines range, to explain its reasons for selecting a ninety-six-month sentence in this case. Because Mial preserved this issue by arguing for a sentence other than that which he ultimately received, our review is for an abuse of discretion. See United States v. Lynn, 592 F.3d 572, 583–84 (4th Cir. 2010).

Based on our review of the sentencing transcript, we agree that the district court's explanation in this case was insufficient, thereby rendering Mial's sentence procedurally unreasonable. Thus, "we [must] reverse unless we conclude that the error was harmless." Id. at 576. The Government may establish that such a procedural error was harmless, and thus

5

avoid remand, by showing "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of [the defendant's] arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alteration in original) (internal quotation marks and alterations omitted); see also Lynn, 592 F.3d at 585.

Applying this standard to the facts of this case, we readily conclude that the Government has satisfied its burden of showing that the district court's procedural error was harmless. We first note that, at the resentencing hearing, the district court referenced the transcript of Mial's original sentencing, at which the court discussed Mial's background as it was relevant to the § 3553(a) sentencing factors. Specifically, the court offered the following comments:

> I'm familiar with Mr. Mial to the extent his background is contained in the pre-sentence report. He's twenty-five years of age. He has his GED. He has no dependants. [sic] He has obviously had previous run-ins with the law, but that is all encompassed in his being a VI criminal history category. So no further focus on that issue. I'm aware that he had an upbringing without a father, and I'm aware that his mother has — his biological mother had addictions as he was growing up. I'm also aware that, so far as I can ascertain, he's twenty-five years of age and he has never been employed. So, what should I do in this case and why . . . ?

6

(J.A. 43).[*] Given the district court's individualized assessment of Mial's history and characteristics at the original sentencing hearing, coupled with its decision on resentencing to impose a sentence in the middle of the revised Guidelines range, we agree with the Government that any shortcoming in the court's explanation for the sentence imposed on resentencing is harmless. See United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006) (noting that "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly").

The Government's position is further supported by the fact that the lone argument Mial advanced in favor of a sentence at the low end of the Guidelines range — that he had availed himself of training and educational opportunities offered by the Bureau of Prisons, see 18 U.S.C. § 3553(a)(2)(D) (directing the sentencing court to consider the need for the defendant's sentence to provide educational and training opportunities) — was hardly compelling, particularly when juxtaposed with the district court's reasons for denying Mial's objection to the six-level enhancement. See Boulware, 604 F.3d at 839-40

---

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

7

(explaining that comparative weakness of a defendant's argument(s) for a lower sentence is one reason to decline to remand a case for further explanation). Finally, we have little doubt that the district court considered this argument, as it was the only point advanced by counsel, and the Government specifically addressed it in its sentencing argument. See id. at 839 (holding that, "even if the district court erred by not adequately explaining its reasons for rejecting Boulware's argument for a below-guidelines sentence, we are quite confident that the district court undertook that analysis and considered Boulware's argument").

For these reasons, we conclude that, even though the district court might have said more at the resentencing hearing to demonstrate its individualized consideration of Mial's arguments, remand in this instance is unwarranted. Accordingly, we affirm the judgment of the district court. We deny Mial's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED