In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1084

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

FREDDY S. ALEXANDER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:11-cr-30026-SEM—**Sue E. Myerscough**, *Judge*.

SUBMITTED FEBRUARY 21, 2013—DECIDED MARCH 11, 2013

Before EASTERBROOK, *Chief Judge*, and BAUER and HAMILTON, *Circuit Judges*.

PER CURIAM. Freddy Alexander pled guilty to possessing cocaine with intent to distribute. See 21 U.S.C. § 841(a)(1). Over Alexander's objection, the sentencing judge concluded that Alexander's total offense level under the Sentencing Guidelines should include an upward adjustment of six levels for assaulting a police officer in a manner that created a substantial risk of

serious bodily injury. See U.S.S.G. § 3A1.2(c). After calculating a guideline range of 108 to 135 months in prison based on a total offense level of 29 and a criminal history category of III, the judge imposed a sentence of 108 months. Alexander now appeals, renewing his objection to the application of § 3A1.2(c). We affirm the sentence.

Alexander boarded an Amtrak train in Chicago carrying a large amount of cocaine. When he disembarked in Springfield, police officers were waiting for him. The officers ordered Alexander to place his hands on a brick wall and proceeded to search him for weapons. After initially complying and submitting to a pat-down, Alexander turned and swung a right hook at the searching officer, Lieutenant Steil, striking him on the left side of his head behind the ear. Alexander followed with a left hook, but Lt. Steil ducked the blow and wrestled Alexander to the ground. Alexander continued struggling, got back on his feet, and began running. He did not get far before a police dog caught up and subdued him. He then surrendered to the police.

A probation officer concluded that Alexander's punches had posed a substantial risk of serious bodily injury to Lt. Steil, and the probation officer recommended in the presentence report a six-level upward adjustment under U.S.S.G. § 3A1.2(c)(1). Alexander objected, arguing that his punches had not seriously threatened harm to Lt. Steil. At Alexander's sentencing hearing Lt. Steil testified that he had suffered only minor injuries — a sore neck from Alexander's punch and

scraped knees from tackling him — and did not require medical attention.

The district court overruled Alexander's objection, explaining that § 3A1.2(c)(1) applies to substantial risk of serious injury and does not require that the defendant actually have inflicted serious injury. See *id*. cmt. n.4(B) ("'Substantial risk of serious bodily injury' includes any more serious injury that was risked, as well as actual serious bodily injury . . . if it occurs."). The court added that this adjustment is not limited to situations involving the use of a weapon, citing as an example our non-precedential decision in *United States v. Irving*, 431 F. App'x 513 (7th Cir. 2011). In that case we upheld the adjustment where the defendant had shoved a police officer down a flight of icy concrete stairs and afterward bit him. *Id.* at 514. At Alexander's sentencing the district court did not elaborate orally on its conclusion that the punches had created a substantial risk of serious harm to Lt. Steil, though the court later prepared a statement of reasons adopting the probation officer's rationale for applying the adjustment.

The Sentencing Guidelines give primary responsibility to the district court for decisions such as this, where evaluating the risk of serious injury may depend on many factual details of the confrontation. We will overturn the district court's determination that Alexander created a substantial risk of serious bodily injury only if we find clear error. See *United States v. White*, 222 F.3d 363, 376 (7th Cir. 2000). The Sentencing Guidelines define "serious bodily injury" as "injury

involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. § 1B1.1 cmt. n.1(L).

Alexander contends that the judge should not have relied on *Irving* because he did not bite Lt. Steil and the risk from his punch was something less than a long fall down icy stairs. We assume that is so, but *Irving* (which again was not a precedential opinion) did not set the floor for applying § 3A1.2(c). We have noted previously that appellate judges are poorly suited to second-guess a sentencing court's evaluation of the "myriad factors" that establish the level of injury a victim suffered or risked suffering. *United States v. Hamm*, 13 F.3d 1126, 1128 (7th Cir. 1994), quoting *United States v. Lancaster*, 6 F.3d 208, 210 (4th Cir. 1993). Alexander might have a stronger argument if he had thrown a single punch and then stopped, see, *e.g.*, *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978) (concluding as a matter of state law that defendant's single punch to victim's face did not show intent to cause "serious bodily harm" because defendant had walked away after punch), but he threw two punches to Lt. Steil's head, and he might well have attempted more if Lt. Steil had not tackled him.

Even one blow to the head, and even by an unarmed person, can pose a substantial risk of serious injury within the meaning of the Guidelines. We are not holding or even suggesting that every swing of a fist

qualifies for the upward adjustment under § 3A1.2(c). Applying the Guideline standard to the specific circumstances of a case is the responsibility of the district judge. We hold that the district court did not clearly err by applying the adjustment in this case, in which an adult threw two punches aimed at a police officer's head. See *United States v. Ashley*, 141 F.3d 63, 69 (2d Cir. 1998) (concluding that district court did not clearly err by applying § 3A1.2(c) to defendant who "kicked and swung and fought with such ferocity that it took five officers several minutes to subdue him"); *United States v. Mial*, 454 F. App'x 161, 163 (4th Cir. 2011) (same, where defendant knocked down officer, climbed on top of him, and beat him); see also *United States v. Webster*, 500 F.3d 606, 607-08 (7th Cir. 2007) (reasoning that defendant's five punches and five kicks to victim's head caused not only "serious bodily injury," as defined in Application Note 1(L) to § 1B1.1, but also "permanent disfigurement or life-threatening bodily injury" as defined in Application Note 1(J)); *United States v. Tindall*, 519 F.3d 1057, 1059, 1061 (10th Cir. 2008) (same, where defendant punched victim four or more times, causing profuse bleeding from an arterial laceration in the back of victim's head).

Accordingly, the judgment is AFFIRMED.