In the

# United States Court of Appeals

### For the Seventh Circuit

No. 18-3448

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BRANDON SHOFFNER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:16-cr-20062-JES-EIL-1 — **James E. Shadid**, *Judge.*

ARGUED OCTOBER 2, 2019 — DECIDED NOVEMBER 8, 2019

Before BAUER, RIPPLE, and HAMILTON, *Circuit Judges.*

PER CURIAM. After Brandon Shoffner was convicted of
unlawful possession of a firearm, he successfully appealed to
this court his sentence of 84 months' imprisonment, a sen-
tence below the applicable Sentencing Guidelines range. In
an unpublished order, we vacated that sentence because the
district court had miscalculated the base offense level. We
further noted that the district court had not specified wheth-
er its imposition of a six-level increase for punching the ar-

resting officer, *see* U.S.S.G. § 3A1.2(c)(1), was based on a belief that it was required to find, as a matter of law, *see United States v. Alexander*, 712 F.3d 977, 978 (7th Cir. 2013), that the punch created a substantial risk of serious injury or whether the court had found, as a factual matter, that the punch created a serious risk of injury. We directed the district court to clarify whether it understood that U.S.S.G. § 3A1.2(c)(1) requires an explicit factual finding.

On remand, the district court, a different judge presiding, conducted a sentencing hearing. Even though our earlier decision had decreased his applicable advisory guidelines range, Mr. Shoffner received the same sentence. He now appeals again and submits that the district court erred procedurally by not explaining why it believed that the imposed sentence was appropriate and by failing to engage with his arguments in mitigation. After examination of the record, we conclude that these arguments have merit. The district court failed to explain adequately the reason for the sentence imposed and did not analyze as carefully as it should have the arguments submitted in mitigation. Accordingly, we vacate the judgment of the district court and remand the case for resentencing.

## I.

## BACKGROUND

When a police officer found a loaded handgun in the center console of Mr. Shoffner's car during a traffic stop, Mr. Shoffner, who had prior felony convictions, "panicked"[1] and, in a futile attempt to flee, struck the officer's nose.

---

[1] R.46 at 65:21.

Mr. Shoffner later pleaded guilty to possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). At his initial sentencing, the district court calculated a base offense level of 24 and then increased it by 6 offense levels after receiving evidence relating to an enhancement under U.S.S.G. § 3A1.2(c)(1), for striking a law enforcement officer (the "striking enhancement"). It then granted a three-offense-level reduction for accepting responsibility. *See* U.S.S.G. § 3E1.1. The resulting total offense level was 27, which, combined with his criminal history, yielded a guidelines range of 100 to 120 months' imprisonment.

The district court imposed a below-guidelines sentence of 84 months' imprisonment. The court explained this sentence by focusing on the circumstances of Mr. Shoffner's arrest and his striking the officer. He addressed Mr. Shoffner directly: "[Y]ou were scared. You were fearful. … I can try to understand what it would be like to be stopped, a person in your situation, knowing that gun was in the car, and the panic that must have ensued."[2] The court explained that, under those circumstances, adding three-and-a-half years for the punch would be unfair. Instead, it reduced the enhancement by half to arrive at a sentence of 84 months.

Mr. Shoffner appealed, and we vacated the sentence on the Government's unopposed motion because the district court had miscalculated the base offense level and because it was unclear whether the district court understood that imposition of an enhancement for striking the officer required an explicit finding of fact that the striking created a serious risk of injury.

---

[2] R.46 at 76:6–7; 10–13.

On remand, the district court, another judge presiding, conducted a new sentencing hearing. It recalculated the base offense level of 20 under U.S.S.G. § 2K2.1(a)(4). It did not alter the other calculations and, therefore, fixed Mr. Shoffner's total offense level at 23. His new advisory guidelines range was 70 to 87 months' imprisonment.

At this second sentencing, Mr. Shoffner offered two principal arguments in support of a sentence of 42 months' imprisonment. First, he argued that he had been rehabilitated during the time he already had served in prison. He pointed to at least twenty course certificates that he had earned in prison and to his refusal to participate in gang activity or "prison politics," despite extensive childhood trauma and a criminal history that predisposed him to gang activity.[3] Second, he submitted that the first sentencing judge had characterized properly the circumstances of his arrest and "[t]he punch."[4] He, therefore, asked for a downward departure parallel to the one granted in the first sentencing proceeding. He argued that "the Guidelines add too much time for an action *that this Court has held*, took place in a 'panic.'"[5]

At the resentencing hearing, the district court first stated that it had reviewed Mr. Shoffner's sentencing memorandum, the revised presentence investigation report, and other submissions. Mr. Shoffner's attorney added that "to the extent necessary, … we would incorporate the transcript of the

---

[3] R.69 at 17:15–18; 17:23–20:25; 25:1–11.

[4] *Id.* at 25:12–19; Appellant's Br. 5.

[5] R.60 at 5.

previous sentencing hearing."[6] The court stated that it had not reviewed the transcript, but continued: "I know you referenced it in your memorandum, but if there's something else that you want to point out, … point it out."[7] Mr. Shoffner's attorney said that it was nothing he had not already referenced.[8]

After hearing the parties' arguments and Mr. Shoffner's statement, the court praised him for his efforts while in prison but ultimately determined not to impose a sentence below the new guideline range. The court commented that Mr. Shoffner was "intelligent" and "passionate" and further expressed that Mr. Shoffner had "taken advantage" of the prison's programs, which was a "credit" to him.[9] In the district court's view, however, these efforts did not "change the fact … that an 84-month sentence is still the appropriate sentence."[10] It warned that if Mr. Shoffner stopped utilizing the prison's programming, it "will only result in [his] appearing back in this courtroom again."[11] Later, the court reiterated that concern. The court also briefly discussed the sentence imposed by the judge who presided over the first sentencing and opined that although that judge "thought a variance to 84 months was appropriate when the guideline range was

---

[6] R.69 at 4:17–19.

[7] *Id.* at 4:24–5:3.

[8] *Id.* at 5:2–7.

[9] R.69 at 37:6–7; 38:25–39:2.

[10] *Id.* at 39:2–4.

[11] *Id.* at 39:9–11.

100 to 125 months," that "does not necessarily mean there's a corresponding departure that's required here."[12] When Mr. Shoffner heard that the court was not inclined to give him a reduced sentence, he asked, "why?" and called the sentence a "joke."[13] At that point, the court referred briefly to the 18 U.S.C. § 3553(a) factors and said that the sentence of 84 months' imprisonment was appropriate given Mr. Shoffner's "history and characteristics, given the circumstances of the offense, to afford adequate deterrence, to protect the public."[14]

## II.

## DISCUSSION

Mr. Shoffner submits that the district court procedurally erred by failing to explain the sentence of 84 months' imprisonment and to address his principal arguments in mitigation. We review procedural sentencing challenges de novo. *See United States v. Lockwood*, 840 F.3d 896, 900 (7th Cir. 2016).

The principles that must guide our review are well-settled. A sentencing court errs procedurally when it fails to explain adequately the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). When the applicable guidelines range exceeds 24 months,

---

[12] *Id.* at 38:16–19.

[13] *Id.* at 39:21–23.

[14] *Id.* at 40:5–10.

the court must state "the reason for imposing a sentence at a particular point within the range." *Id.* § 3553(c)(1). We do not, however, "draw a bright line to tell district judges when they have said enough, but 'we try to take careful note of context and the practical realities of a sentencing hearing.'" *United States v. Reed*, 859 F.3d 468, 472 (7th Cir. 2017) (quoting *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014)).

Mr. Shoffner relies heavily on our explanation in *United States v. Lyons*, 733 F.3d 777, 785 (7th Cir. 2013). We held in that case that a district court has committed procedural error when it "simply acknowledged that it had considered the [presentence report], the guidelines, the § 3553(a) factors, and both sides' arguments, and then imposed sentence." *Lyons*, 733 F.3d at 785. In *Lyons,* the only elaboration on the rote recitation of the materials considered was the court's "remark that the 'sentence was sufficient, but not greater than necessary.'" *Id.*

The circumstances here are different; the sentencing court certainly went beyond merely listing off the materials it had considered. We still cannot say, however, that the court provided us with an explanation of its decision sufficient to allow meaningful review. As a threshold matter, the district court provided little explanation as to how it assessed the § 3553(a) factors in the context of Mr. Shoffner's offense. Given Mr. Shoffner's extensive presentation of his efforts at self-rehabilitation under adverse circumstances, it was incumbent on the district court to elaborate on why it did not consider more favorably this factor in imposing the sentence. A more comprehensive analysis would have allowed us to follow accurately the district court's reasoning and would

have served more completely the purposes of § 3553. *See Gall*, 552 U.S. at 49–50.

There is no question that consideration of post-conviction rehabilitation is permissible. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A] district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."). Post-conviction conduct often recasts the "history and characteristics" of a defendant as he stands in front of the resentencing judge. *See id.* at 491 (quoting § 3553(a)(1)). We do not require a district court to present on the record an exhaustive analysis, *see United States v. Blagojevich*, 854 F.3d 918, 920 (7th Cir. 2017), but we do need more than we have here.

The court did comment that Mr. Shoffner's participation in prison programs to date failed to persuade it that a below-guidelines sentence was appropriate. The court also stated twice that Mr. Shoffner could wind up back in front of the court if he stopped attending programs and avoiding criminal activity in prison. But it asks too much to expect us to tease out of these comments that the district court necessarily believed that there was a need for further rehabilitation to prevent future criminal conduct.[15]

Mr. Shoffner also contends that the district court did not address adequately his contention that he did not deserve more than three years of extra time for hitting the police of-

---

[15] The availability of rehabilitative programming is not an appropriate basis for imposing a prison sentence. *See* 18 U.S.C. § 3582(a); *United States v. Washington*, 739 F.3d 1080, 1081–82 (7th Cir. 2014).

ficer in a panic. He notes that the judge conducting the first sentencing hearing had decided that an enhancement of three-and-a-half years for striking the officer was too harsh. In this case's first visit to this court, we posed the question of whether the district court understood that the enhancement required a specific finding that the punch created a risk of serious injury. On remand, and now on appeal, the Government contends that Mr. Shoffner raised only a "categorical" challenge to the length of the striking enhancement and that, therefore, the sentencing judge had no obligation to address the argument.[16]

We cannot accept this argument. At his second sentencing, Mr. Shoffner argued that the striking enhancement should be offset with a downward variance because the district court had determined that he punched the officer in a "panic" and should not bear the full weight of the enhancement. This is not the kind of policy-based argument that a district court can freely ignore; Mr. Shoffner's argument must be addressed. It remains unclear whether the district court concurred with the earlier judge's determination that there were mitigating circumstances surrounding this incident and whether those circumstances ought to be considered in the final sentencing determination.[17]

---

[16] Government's Br. 20. *See United States v. Rosales*, 813 F.3d 634, 637–38 (7th Cir. 2016) (clarifying that "[t]he court may pass over in silence a blanket policy challenge" to the guidelines).

[17] It was not sufficient for the court to say that "the fact that [the judge in the first sentencing hearing] thought a variance to 84 months was appropriate … does not necessarily mean there's a corresponding departure that's required here." R.69 at 38:15–19. The court needed to explicitly state its reasons.

The Supreme Court requires "an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50. What constitutes an adequate explanation is not subject to a simple formulaic statement. No doubt, "[l]ess explanation is typically needed when a district court sentences within an advisory guidelines range." *United States v. Harris*, 567 F.3d 846, 854 (7th Cir. 2009).[18] Here, however, the district court provided little explanation as to how it applied the specific factors in § 3553(a). Its reason for why it rejected Mr. Shoffner's argument with respect to post-conviction rehabilitation is opaque. Its treatment of the circumstances surrounding Mr. Shoffner's punching the police officer also remains unclear.

The judge who conducted the second sentencing hearing was no doubt free to impose any sentence, including the same 84 months imposed by the judge who conducted the first sentencing hearing. The court "was not cabined by the term" or the reasoning of the previous judge. *United States v. Moore*, 851 F.3d 666, 673 (7th Cir. 2017). The court must, however, provide us an adequate explanation of its reasoning. Here, the court's explanation was simply inadequate for

---

[18] *See United States v. Terronez*, 926 F.3d 390, 395 (7th Cir. 2019) ("[G]iven that the court imposed a within-Guidelines sentence, its explanation … is sufficient."). Furthermore, we do not require that the reasons given to be explicit if the record clarifies the rationale underpinning the district court's conclusion. *See, e.g.*, *Lyons*, 733 F.3d at 785 (vacating the sentence when the record gave "no indication of how the district court weighed the various sentencing factors"); *see also United States v. Garcia-Oliveros*, 639 F.3d 380, 382 (7th Cir. 2011) (vacating the sentence when the record was "too thin to discern the considerations which motivated the district court's sentencing decision").

us to discern the court's reasoning behind imposing the particular sentence.

## CONCLUSION

The judgment of the district court is vacated, and the case is remanded for resentencing.

VACATED and REMANDED