**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO CURTIS,

    Defendant - Appellant.

No. 19-6095
(D.C. No. 5:18-CR-00204-D-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **PHILLIPS**, and **CARSON**, Circuit Judges.
_____

Antonio Curtis appeals from the district court's application of a six-level

enhancement to his sentence for assaulting a prison guard in violation of

18 U.S.C. § 111.  Exercising jurisdiction under 28 U.S.C. § 1291 and

18 U.S.C. § 3742, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.   Background

While incarcerated at the Federal Transfer Center for an unrelated offense, Curtis grew agitated with his housing assignment and became unruly in his cell. Correctional officers tried to defuse the situation by ordering him to turn around and submit to restraints. Curtis refused, and the officers called for back-up.

With seven officers in his cell, Curtis continued to resist. At one point, he grabbed a chair in an apparent attempt to use it as a weapon. After an officer dissuaded him from this idea, Curtis discarded the chair and swung his closed fist at an officer. Another officer deflected the punch and pinned Curtis against the wall. Curtis then began assaulting that officer by striking him about the face and head with a closed fist and grabbing the inside of his mouth. Officers eventually forced Curtis to the floor, where he kept fighting by kicking and pulling away. They ended the assault by placing Curtis in restraints.

The officer that deflected Curtis's punch and pinned him against the wall suffered a torn rotator cuff and sustained disc damage in his neck. His injuries necessitated neck surgery and, according to the officer, will require shoulder surgery and extensive physical therapy in the future. They also led him to retire from service as a correctional officer.

Curtis pled guilty to assault on a federal officer or employee causing bodily injury in violation of 18 U.S.C. § 111. At sentencing, the district court found that the circumstances surrounding Curtis's assault created a substantial risk of serious bodily injury. The court therefore concluded that section 3A1.2(c) of the Sentencing

2

Guidelines applied to increase Curtis's base offense level by six levels and sentenced him to 92 months in prison, the bottom of the Guidelines' recommended range. Curtis appeals the court's application of section 3A1.2(c).

## II. Discussion

Section 3A1.2(c) of the Sentencing Guidelines provides that where a prisoner knowingly assaults a guard "in a manner creating a substantial risk of serious bodily injury," the offense level should "increase by 6 levels." U.S. Sentencing Guidelines Manual (USSG) § 3A1.2(c) (U.S. Sentencing Comm'n 2018). A "'[s]ubstantial risk of serious bodily injury' includes any more serious injury that was risked, as well as actual serious bodily injury (or more serious injury) if it occurs." *Id.* § 3A1.2, cmt. n.4(B). A serious bodily injury "involve[s] extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or require[s] medical intervention such as surgery, hospitalization, or physical rehabilitation." *Id.* § 1B1.1, cmt. n.1(M).

"We review the district court's interpretation of the Guidelines de novo and any factual findings for clear error, giving due deference to the district court's application of the [G]uidelines to the facts." *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010) (internal quotation marks omitted). "[W]hen the district court errs in applying the Guidelines . . . we must remand . . . unless the error is harmless." *United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir. 2006) (per curiam).

## A. Alleged Legal Error

The district court analyzed whether Curtis's conduct created "a substantial risk of serious bodily injury." USSG § 3A1.2(c). Curtis argues that the district court committed legal error by failing to consider instead whether his conduct constituted aggravated assault. To support this argument, he points us to an application note, which observes that section 3A1.2(c) "applies in circumstances tantamount to aggravated assault." USSG § 3A1.2, cmt. n.4(A). Curtis cites no authority outlining the contours of "circumstances tantamount to aggravated assault." Yet the note he cites does just that. It clarifies that section 3A1.2(c)'s "applicability is limited to assaultive conduct . . . that is sufficiently serious to create at least a 'substantial risk of serious bodily injury.'" *Id.* The application note therefore confirms that courts should apply the standard found in the Guideline as written and the district court did not commit legal error in so doing.

Curtis also argues that section 3A1.2 applies to only "the most egregious conduct covered by the offense." Aplt. Opening Br. at 12. To support this argument, he misconstrues commentary accompanying Amendment 663 to the Guidelines. The Sentencing Commission adopted Amendment 663 in response to the Federal Judiciary Protection Act of 2002, Pub. L. No. 107-273, § 11008, 116 Stat. 1758, 1818–19 (2002). That Act increased the maximum statutory penalty for violating 18 U.S.C. § 111, Curtis's statute of conviction, from 10 years to 20 years. § 11008(b), 116 Stat. at 1818. It also directed the Sentencing Commission to consider whether the Guidelines remained "adequate to ensure punishment at or near

4

the maximum penalty for the most egregious conduct covered by the offense" following the Act's passage. § 11008(e)(2)(D), 116 Stat. at 1819. Amendment 663 therefore increased the sentencing enhancement for assaulting a guard in a manner creating a substantial risk of serious bodily injury from three levels to six levels. *See* USSG App. C, Vol. III at 8–10. And the commentary noted that the "increase comport[ed] with the directive in the [Federal Judiciary Protection] Act to 'ensure punishment at or near the maximum penalty for the most egregious conduct covered by the offense' for offenses against federal officers, officials, and employees." *Id.* at 12 (quoting § 11008(e)(2)(D), 116 Stat. at 1819).

But nothing in the commentary suggests that amended Guideline section 3A1.2 applies to *only* particularly egregious conduct. In fact, it contemplates application of section 3A1.2's six-level enhancement to mere threats with a base offense level of 12—*i.e.*, two levels lower than Curtis's base offense level of 14. *See* USSG App. C, Vol. III at 12. And it states that "[t]he six level enhancement . . . applies to assaultive conduct against . . . prison officials if the defendant committed the assault in a manner creating a substantial risk of serious bodily injury." *Id.* The district court did not commit legal error by failing to evaluate whether Curtis's actions amounted to the most egregious conduct covered by 18 U.S.C. § 111.

## B. Alleged Factual Error

"Determination of whether facts satisfy a prescribed standard is a mixed question of fact and law. We review mixed questions under the clearly erroneous or de novo standard, depending on whether the mixed question involves primarily a

5

factual inquiry or the consideration of legal principles." *United States v. Patton*, 927 F.3d 1087, 1101 (10th Cir. 2019) (alterations, citation, and internal quotation marks omitted).

The determination whether an assault created a substantial risk of serious bodily injury "is so fact-focused that we review for clear error." *Id.* (reviewing enhancement under USSG § 3A1.2(c)(1)); *see also* 18 U.S.C. § 3742(e) (requiring appellate court to "give due deference to the district court's application of the guidelines to the facts," subject to exceptions not relevant here).

The district court found that the circumstances surrounding the assault, which occurred in a "confined environment with seven detention officers in the space dealing with an aggressive prisoner," were "fraught with danger of serious bodily injury." R. Vol. 3 at 8. Curtis argues that the court erred in making this finding because the officer ascribed his injuries to a "scuffle with [an] inmate" on a medical intake form. Supp. R. at 4. But the court did not base its finding on the officer's label. In any event, a "scuffle" is "[a] rough, disorderly struggle at close quarters." The American Heritage Dictionary of the English Language (3d ed. 1996). Rough and disorderly struggles at close quarters, such as the one Curtis started, can create a substantial risk of serious bodily injury.

Curtis also argues that the district court erred because courts in other cases have applied section 3A1.2(c) to more egregious conduct. But his observation says nothing about whether section 3A1.2(c) applies to assaults like Curtis's. And other courts have upheld section 3A1.2(c)'s application in similar circumstances. *See, e.g.*,

6

*United States v. Alexander*, 712 F.3d 977, 978–79 (7th Cir. 2013) (per curiam) (upholding six-level increase when defendant punched police officer once in the head and missed with a second attempted punch). Indeed, the district court found that the circumstances surrounding Curtis's assault were "more fraught with danger of serious bodily injury," R. Vol. 3 at 8, than those described in *United States v. Ashley*, 141 F.3d 63, 69 (2d Cir. 1998), where the Second Circuit upheld the district court's application of section 3A1.2(c)'s predecessor[1] to a defendant that "kicked, elbowed, punched, [and] swung his arms[] at . . . officers in a frenzied attempt to avoid being arrested," 141 F.3d at 67.[2]

The district court did not err in finding that Curtis's assault created a substantial risk of serious bodily injury.

### III. Conclusion

We affirm the sentence imposed by the district court. We grant Curtis's motion to waive oral argument.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[1] Before Amendment 663, the Guidelines codified section 3A1.2(c)'s substance at section 3A1.2(b). *See* USSG App. C, Vol. III at 8–10.

[2] In *Ashley*, the officers' injuries "include[ed] a sprained wrist and a sprained hand." 141 F.3d at 65. But "none of the injuries . . . suffered [was] serious or required hospitalization." *Id.* at 69. The district court also found that the injuries Curtis inflicted were "more significant . . . than those reflected in the *Ashley* decision." R. Vol. 3 at 10–11.