NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022[*]
Decided February 24, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-2364

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 18-CR-20036 |
| MATTHEW R. JONES, *Defendant-Appellant*. | Harold A. Baker, *Judge*. |

**O R D E R**

Matthew Jones appeals his sentence of 10 years in prison, the statutory maximum for his offense. He argues that the district court committed procedural errors when resentencing him after a remand from this court. Because the judge did not adequately

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, the parties have waived oral argument, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

explain Jones's sentence or address his arguments in mitigation, we vacate the sentence and remand for resentencing.

A jury found Jones guilty of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). At Jones's original sentencing hearing, the judge calculated his range of imprisonment under the Sentencing Guidelines to be 188 to 235 months, reduced under U.S.S.G. § 5G1.l(a) to an effective "range" of 120 months by operation of the statutory maximum. Jones was sentenced to 120 months in prison and 3 years of supervised release. We vacated and remanded for resentencing, *United States v. Maez*, 960 F.3d 949, 953 (7th Cir. 2020), because the judge erred by imposing a longer sentence in part to promote Jones's rehabilitation, *see Tapia v. United States*, 564 U.S. 319, 334–35 (2011).

On remand the judge held another sentencing hearing. The probation office filed a short, updated sentencing memorandum noting that while in custody Jones had completed a drug-education program, had incurred no disciplinary infractions, and was waiting for a spot in an anger-management therapy program. (At the hearing the government relayed that after the probation office filed its memorandum, Jones incurred a low-level violation for using another inmate's phone access code.) After listening to statements from Jones, his attorney, and the government, the judge imposed the same sentence of 120 months in prison and 3 years of supervised release but did not give any explanation. As the judge prepared to the end the hearing, the courtroom deputy prompted him to state what the judgment should reflect about conditions of supervised release and the special assessment. After doing so, the judge stated: "[A]ll right, I'm not going to say anything more" lest he commit "reversible error." The government reminded the judge that he was required to advise Jones of his reasons for imposing the sentence. The judge responded: "I adopt the reasons that were advanced by the government."

After a brief pause, the government reminded the judge to ask the defendant whether his principal arguments in mitigation had been sufficiently addressed. Jones's attorney reiterated the arguments related to his good conduct and efforts at self-improvement while in custody. The judge replied:

> I'm sure he has done those, some of those things, but that doesn't … overcome the seriousness of the other occurrences in his life. And I believe that the sentence imposed represents those concerns, mainly the safety of the public and the fact that—well, I've said enough. … I'm not sure what … a *Tapia* error means, and I don't know that a lot of people think, know what it means. That's the sentence.

The government then reminded the judge to read Jones's conditions of supervised release or obtain Jones's waiver, and Jones waived the reading. After another pause and prompting by the courtroom deputy, the judge instructed Jones of his right to appeal but commented that "I'm betting that you know that thoroughly."

On appeal Jones argues that the judge committed procedural error by failing to consider the § 3553(a) factors and inadequately explaining the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We agree. We do not require any formulaic approach to addressing the § 3553(a) factors or require judges to explain the obvious at length. *United States v. Washington*, 739 F.3d 1080, 1081 (7th Cir. 2014). But the judge did not explain his thinking at all before imposing Jones's sentence and did so only vaguely afterward, which makes meaningful appellate review impossible. *Gall*, 552 U.S. at 50.

The government's prodding did not rectify the ambiguity. When asked, the judge said that he "adopt[ed] the reasons that were advanced by the government" and later added that the sentence reflected his concern about "the safety of the public." This terse explanation does not reflect "an individualized assessment based on the facts presented." *Id.* Nor does the judge's rote invocation of a § 3553(a) factor explain why the maximum sentence was warranted here, especially when there was new evidence and mitigating arguments. *See Washington*, 739 F.3d at 1081.

The government points out that when a judge chooses a sentence within the guidelines range, we do not require as much explanation for the sentence. *United States v. Lyons*, 733 F.3d 777, 785–86 (7th Cir. 2013). But the judge must provide some justification for the sentence based on the § 3553(a) factors, *Washington*, 739 F.3d at 1082, because absent an explanation, "'meaningful appellate review' of the sentence's reasonableness is impossible." *Lyons*, 733 F.3d at 785 (citing *Gall*, 552 U.S. at 50). Here, the judge did not sufficiently explain his decision or how he weighed the § 3553(a) factors, and his comment about *Tapia* leaves open the possibility of improper considerations, so Jones must be resentenced. *See United States v. Shoffner*, 942 F.3d 818, 824 (7th Cir. 2019).

Jones is also correct that the judge did not adequately address his principal arguments in mitigation. *United States v. Vidal*, 705 F.3d 742, 744 (7th Cir. 2013). Jones primarily argued that his postconviction conduct and his efforts at self-improvement warranted a lower sentence. Jones demonstrated that since the original sentencing, he had successfully completed one stage of the drug-abuse program and enrolled in six other courses. *See Pepper v. United States*, 562 U.S. 476, 490–91 (2011). His arguments

were appropriate, *see id.*, and should have been evaluated on the record, especially because they responded to concerns the judge had articulated at the first sentencing hearing, *Shoffner*, 942 F.3d at 823. The judge did not need to analyze exhaustively (let alone accept) every mitigating argument, but he had to address why Jones's principal arguments were unpersuasive. *Vidal*, 705 F.3d at 744.

The government responds that if a judge considers mitigating arguments, even if implicitly and imprecisely, the sentence may be reasonable. *United States v. Diekemper*, 604 F.3d 345, 355 (7th Cir. 2010). But here the judge said only that Jones's arguments did not "overcome the seriousness of the other occurrences in his life." That oblique reference to "occurrences" is too vague to allow us to evaluate the judge's reasons for rejecting the evidence that Jones had heeded the judge's concerns and pursued drug treatment and other rehabilitative programming. *See Shoffner*, 942 F.3d at 824. And the written statement of reasons is also devoid of explanation, so it does not aid our interpretation of the judge's oral statements. *See United States v. Reed*, 859 F.3d 468, 474 (7th Cir. 2017).

We VACATE Jones's sentence and REMAND for plenary resentencing.