In the

# United States Court of Appeals

## For the Seventh Circuit

No. 25-2379

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANK WASHINGTON, III,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Hammond Division.
No. 2:25-cr-00027 — **James T. Moody**, *Judge.*

ARGUED FEBRUARY 24, 2026 — DECIDED JUNE 9, 2026

Before RIPPLE, KOLAR, and MALDONADO, *Circuit Judges.*

PER CURIAM. Defendant Frank Washington, III, appeals his
sentence on procedural grounds, contending that the district
court failed to adequately explain his 70-month sentence for
possessing a firearm in violation of 18 U.S.C. § 922(g)(1).
While we have little doubt the district court considered Wash-
ington's individual circumstances, we agree that those con-
siderations were not articulated in the record. Because our

precedents demand more, we vacate Washington's sentence and remand for resentencing.

## I. Background

Washington pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in February 2025. In his presentence report, Probation calculated a guideline range of 70 to 87 months of imprisonment (which neither party disputes). The presentence report also noted that Washington had health concerns, including high blood pressure, diabetes, and a recent heart attack.

At sentencing, Washington requested a below-guidelines 57-month sentence. His primary argument in mitigation was based on his health concerns; he had an acute risk of cardiac failure after the recent heart attack and required follow-up care. He raised other mitigation arguments, including lack of disciplinary issues in pretrial detention, lack of substance abuse history, his close relationship with his family, and acceptance of responsibility.

The district court imposed a sentence of 70 months of imprisonment, the bottom of the guidelines range. In reaching this sentence, the court first confirmed with the parties that it had considered all the relevant materials and arguments. It then explained its reason for imposing a 70-month sentence as follows:

> [The sentence] reflects the seriousness of the crime of conviction; it promotes respect for the law; it provides just punishment for the crime of conviction; it is sufficient but not greater than necessary to hold the defendant accountable for

his criminal conduct; it does take into account the circumstances and the nature of the crime of conviction and the background, history, and the personal characteristics of the defendant; it provides the defendant with correctional treatment in the most effective manner; it affords adequate deterrence to this type of criminal conduct; it protects the public from further crimes of this type by the defendant; and it avoids unwarranted sentence disparities among defendants.

The court also recommended, at defense counsel's request, that Washington be placed in an institution with vocational training and a prison industries program, and "that the defendant be housed in a facility that can meet his need for cardiac monitoring and treatment."

## II. Discussion

Washington argues we must remand for resentencing because the district court did not adequately explain why it imposed a 70-month term of imprisonment. *See United States v. Lyons*, 733 F.3d 777, 784 (7th Cir. 2013) ("A sentencing court commits procedural error by not adequately explaining its choice of sentence."). We review the procedural reasonableness of a sentence—including whether a district court adequately explained a sentence—*de novo. United States v. Tyler*, 139 F.4th 598, 603 (7th Cir. 2025).[1]

---

[1] Because we resolve this case based on the adequacy of the district court's explanation, we do not reach Washington's argument that the district court's explanation violated *Tapia v. United States*, 564 U.S. 319 (2011).

Congress has provided courts with specific factors to consider when determining an appropriate sentence. *See* 18 U.S.C. § 3553(a). These include "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1); "the need … to reflect the seriousness of the offense" and "afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6).

While these factors are the guidepost for determining an appropriate sentence, a sentencing court is also "required to provide *some* explanation for the sentence imposed beyond a rote and summary invocation of the § 3553(a) factors." *United States v. Washington*, 739 F.3d 1080, 1082 (7th Cir. 2014). The district court "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). This ensures "meaningful appellate review" and promotes "the perception of fair sentencing." *United States v. Wilcher*, 91 F.4th 864, 871 (7th Cir. 2024) (quoting *Gall*, 552 U.S. at 50).

To be sure, the court's "individualized assessment" need not be long or "exhaustive." *United States v. Shoffner*, 942 F.3d 818, 823–24 (7th Cir. 2019); *see Tyler*, 139 F.4th at 603 ("We do not demand artificial thoroughness in sentencing."). "A short explanation will suffice where the context and record make clear the reasoning underlying the district court's conclusion." *Tyler*, 139 F.4th at 603.

There are many ways a district court can provide an "individualized assessment," but our caselaw is clear that a bare recitation of the § 3553(a) factors is not one of them. In *United*

*States v. Washington*, for example, we remanded where the district court justified a sentence by merely stating it had "considered all the factors of 18 U.S.C. § 3553(a)" and noting the defendant was "involved in a serious crime … in the sense of what it is doing to so many people in our society, not only the dealing of the drugs, but also the using of them." 739 F.3d at 1081. We held these "terse remarks d[id] not reflect 'an individualized assessment based on the facts presented.'" *Id*. at 1082 (quoting *Gall*, 552 U.S. at 50).

Similarly, in *United States v. Shoffner*, we remanded for resentencing where the district court stated it had considered all relevant materials but "provided little explanation as to how it applied the specific factors in § 3553(a)" or why it rejected the defendant's arguments for leniency. 942 F.3d at 824. And we have repeatedly cautioned against "rote" and "boilerplate" assurances that the court considered the § 3553(a) factors without additional reasoning indicating "how the district court weighed the various sentencing factors, or what facts supported the exercise of its discretion." *Lyons*, 733 F.3d at 785; *see Wilcher*, 91 F.4th at 872.

Applying these precedents here, we conclude that the district court's explanation did not contain the individualized assessment we require. The court listed the § 3553(a) factors but did not explain how it "weighed the various sentencing factors." *Wilcher*, 91 F.4th at 872 (quoting *Lyons*, 733 F.3d at 785). And we cannot infer an individualized assessment from a listing of factors alone. *See United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009) ("[A] talismanic recitation of the § 3553(a) factors without application to the defendant being sentenced

does not demonstrate reasoned decisionmaking or provide an adequate basis for appellate review.").[2]

We pause to emphasize that the district court was clearly aware of Washington's primary mitigation argument—his health issues—as it recommended he be placed in an institution that could meet his needs. This recommendation removes any doubt that the district court carefully considered Washington's sensitive health concerns as to *where* Washington would serve his sentence. But this does not confirm that the district court considered Washington's mitigation argument in selecting *how long* his sentence would be. *See Lyons*, 733 F.3d at 785 ("[C]ases in which we have remanded because of insufficient explanation of a sentence have usually involved a failure by the sentencing judge to respond to a principal, nonfrivolous argument in mitigation.").

Absent a discussion of Washington's mitigation arguments or an individualized assessment of the § 3553(a) factors

---

[2] The government argues that the district court's reasoning was sufficient under our opinions in *United States v. Tyler* and *United States v Vizcarra*. But the sentencing explanations in those cases were more individualized than the district court's decision here. *See Tyler*, 139 F.4th at 601 (noting that "[t]he court thoroughly reviewed the sentencing factors and reaffirmed its prior assessment"; "emphasized the profound impact on the victims, Tyler's attempt to flee, and his history of criminal behavior"; and "also noted that Tyler's post-sentencing conduct was mixed—he was involved in an altercation with another inmate but also attended prison programs"); *United States v. Vizcarra*, 668 F.3d 516, 528 (7th Cir. 2012) (noting that the district court emphasized "the seriousness of the offense … as well as the need for specific and general deterrence," and "specifically addressed Vizcarra's need to continue his education and vocational training, and also mentioned his treatment needs").

as to the 70-month term imposed, we are left only with the district court's statement that it considered all the relevant factors. And as we have explained, that is not enough to survive appellate review. *See id.* (remanding where the district court "simply acknowledged that it had considered the [presentence report], the guidelines, the § 3553(a) factors, and both sides' arguments").

### III. Conclusion

We VACATE Washington's sentence and REMAND for resentencing.