In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2295

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ARTHUR L. ROBINSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:17-CR-30041-DRH-1 — **David R. Herndon**, *Judge.*

ARGUED OCTOBER 2, 2019 — DECIDED NOVEMBER 7, 2019

Before BAUER, RIPPLE, and HAMILTON, *Circuit Judges.*

PER CURIAM. Arthur Robinson pleaded guilty to unlawfully possessing a firearm. At his sentencing hearing, the district court considered and rejected defense counsel's argument that the Sentencing Guidelines calculation double counted Mr. Robinson's past convictions. Mr. Robinson raised the argument again when he had the opportunity to speak. He also attempted to mitigate his conduct by explaining the circumstances surrounding his arrest. The court re-

jected Mr. Robinson's arguments as frivolous and then revoked the three-point reduction for acceptance of responsibility that it had granted him earlier. Because the district court clearly erred in concluding that Mr. Robinson did not accept responsibility, we vacate the judgment and remand for resentencing.

## I.

## BACKGROUND

In September 2016, a police officer observed a parked vehicle, with its motor running, blocking the flow of traffic in East St. Louis, Illinois. The officer approached the vehicle and observed Mr. Robinson sleeping in the driver's seat; in his lap was a handgun with an extended magazine. The officer removed the handgun and secured it in his patrol car. He then woke Mr. Robinson and asked for his driver's license. Mr. Robinson gave his license to the officer and told him that he was a convicted felon. The officer placed him under arrest.[1] Mr. Robinson was charged with unlawfully possessing a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and he pleaded guilty without the benefit of a plea agreement.

Before sentencing, a probation officer calculated the range of imprisonment under the Sentencing Guidelines. Because Mr. Robinson was an armed career criminal under 18 U.S.C. § 924(e), the appropriate offense level was "the greatest of" either the calculation under U.S.S.G. § 2K2.1(a)(1) or § 4B1.4(b)(3)(B). *See* U.S.S.G. § 4B1.4(b). Each of these calculations took into account Mr. Robinson's prior

---

[1] Later, an investigation revealed that the gun had been manufactured in Austria and was reported stolen in October 2002.

felony convictions. The probation officer deemed the offense level of 33 under § 4B1.4(b)(3)(B) to be the correct selection among the two, because it was higher than the level of 26 under § 2K2.1(a)(1). The officer then subtracted 3 points for acceptance of responsibility (for a total offense level of 30) because Mr. Robinson had clearly demonstrated acceptance of responsibility for the offense and assisted authorities by timely notifying them of his intention to plead guilty. *See* U.S.S.G. § 3E1.1. Although the offense level, combined with Mr. Robinson's criminal history category of IV, yielded a sentencing range of 135 to 168 months' imprisonment, the statutory minimum was 180 months. *See* § 922(g)(1); § 924(e)(1). The probation officer recommended a term of 180 months' imprisonment to be followed by 2 years of supervised release.

At the sentencing hearing, the district court heard argument on Mr. Robinson's objection that the probation officer's guidelines calculation improperly double counted his past convictions. Counsel argued that Mr. Robinson's prior felony convictions could not be used to support the calculation of his base offense level under both U.S.S.G. § 2K2.1(a)(1) and § 4B1.4(b)(3)(B). The Government maintained that the probation officer properly calculated the offense levels and urged the court to adopt that calculation.

Agreeing with the Government, the district court adopted the probation officer's guidelines calculation. The court also accepted the probation officer's recommendation to reduce the total offense level by 2 points because Mr. Robinson had accepted responsibility and then granted the Government's motion to subtract another point for a total of 3

points. The Government requested a sentence of 180 months' imprisonment, the statutory minimum.

Mr. Robinson then spoke on his own behalf. First, he re-iterated his counsel's argument that the probation officer had double counted his past convictions and contended that he should not qualify for an armed career criminal en-hancement. He explained his interpretation of the Sentenc-ing Guidelines and cited case law to support his contention that two, not three, felony convictions could be used against him.

Next, Mr. Robinson made arguments in mitigation: his previous convictions for selling drugs arose from events that happened about twenty years ago, and he was a changed man; he was steadily employed; and he had dedicated him-self to his family and his church. Finally, Mr. Robinson de-scribed how he came to possess the gun on the day he was arrested. He explained that after he got off work, he pulled into a nightclub parking lot where people were gathered. He offered a young man a ride home; the man got into the car, but then got out to talk to someone, leaving a gun "laying on the seat."[2] Mr. Robinson stated that he was

> … fi[xing] to turn around [and] bring the gun back to him but I did not want to get into whatever he [was] fi[xing] to do. So, Your Honor, I took [the] full charge, accept respon-sibility for this charge, Your Honor, so I decid-

---

[2] R.71 at 24:3.

ed to keep it. I couldn't give it back to the pub-
lic or the community or give it back to him … .[3]

The court began its response, "So, now that the defend-
ant is finished yelling at me … ."[4] The court then concluded
that Mr. Robinson had tried to "reargue his guideline calcu-
lation … despite the fact that his lawyer did a good job … ."[5]
Quoting commentary in the Guidelines, the court noted that,
although the defendant could have "remain[ed] silent," a
defendant who "frivolously contests[,] relevant conduct that
the [c]ourt determines to be true has acted in a manner in-
consistent with … acceptance of responsibility."[6] The court
concluded that Mr. Robinson had not "falsely denie[d]" rel-
evant conduct, but nonetheless it found "[o]n the basis of the
defendant's statement … that his efforts at a sort of motion
to reconsider … [were] frivolous … and as a result … the de-
fendant does not qualify for acceptance of responsibility."[7]
The court raised the total offense level to 33, which, com-
bined with Mr. Robinson's criminal history category of IV,
increased the imprisonment range from 135 to 168 months to
a range of 188 to 235 months. The court imposed a term of
188 months' imprisonment.

Before the hearing ended, Mr. Robinson's counsel stated
that Mr. Robinson wished "to assure the Court it wasn't his

---

[3] *Id.* at 24:4–9.

[4] *Id.* at 24:18–19.

[5] *Id.* at 24:22–24.

[6] *Id.* at 25:10; 14–16 (quoting U.S.S.G. § 3E1.1 cmt. 1(A)).

[7] *Id.* at 25:13; 17–21.

intention to yell" or "be disrespectful or offend the Court."[8] Counsel explained that "[i]t's just his tone of voice" and that he is "passionate on his legal research."[9]

## II.

## DISCUSSION

### A. Acceptance of Responsibility

Mr. Robinson first submits that the district court erred in removing the three-point reduction for acceptance of responsibility based on his statement at the sentencing hearing. He asserts that nothing in his statement justified a denial of the reduction and attributes the court's misapprehension to a "cultural misunderstanding"[10] of his tone of voice and manner of speaking. "A district court's denial of an acceptance-of-responsibility reduction" under U.S.S.G. § 3E1.1 "is a factual finding subject to review for clear error." *United States v. Dong Jin Chen*, 497 F.3d 718, 720 (7th Cir. 2007). We defer to the district court's assessment of whether the defendant has accepted responsibility, *see United States v. Etchin*, 614 F.3d 726, 739 (7th Cir. 2010), but will find clear error if our "review of all the evidence leaves us with the definite and firm conviction that a mistake has been made," *United States v. Robertson*, 662 F.3d 871, 876 (7th Cir. 2011).

We agree with Mr. Robinson for two reasons. First, the district court misapplied the guideline that it cited to support its decision to revoke the deduction of points for failure

---

[8] *Id.* at 29:24–25; 30:2–3.

[9] *Id.* at 30:1–2.

[10] Appellant's Br. 11.

to accept responsibility. A sentencing judge may deny a reduction for acceptance of responsibility for a "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true." U.S.S.G. § 3E1.1 cmt. 1(A); *United States v. Ghiassi*, 729 F.3d 690, 698 (7th Cir. 2013).

We have upheld denials under § 3E1.1 where defendants disputed relevant-conduct findings that were amply supported by record evidence.[11] Here, however, nothing Mr. Robinson said offers a basis for denying the acceptance points. The commentary provides that a district court may deny a reduction if a defendant "falsely denies, or frivolously contests" the court's *factual findings*. Legal arguments are not a valid basis for denying a reduction. § 3E1.1 cmt. 1(A). *See United States v. Acosta*, 534 F.3d 574, 581 (7th Cir. 2008); *United States v. Booker*, 248 F.3d 683, 690 (7th Cir. 2001). But here the district court took issue with Mr. Robinson's attempt to "reargue his guideline calculation."[12] In other words, when revoking the acceptance points, the district court cited only Mr. Robinson's legal arguments.

The Government argues that Mr. Robinson disputed that the gun belonged to him, but even if that were true, the district court made no factual finding on who owned the gun, so Mr. Robinson could not have frivolously contested it.

---

[11] *See, e.g.*, *United States v. Ghiassi*, 729 F.3d 690, 698–99 (7th Cir. 2013) (affirming where defendant disputed court's finding that he possessed eight guns); *United States v. Acosta*, 534 F.3d 574, 581–84, 593 (7th Cir. 2008) (affirming where defendant disputed court's drug-quantity finding). But here, the district court made no finding about relevant conduct, and the only uncharged conduct Mr. Robinson mentioned was related to his prior convictions.

[12] R.71 at 24:22.

Moreover, the issue of ownership is irrelevant to the *posses-sion* charge to which Mr. Robinson pleaded guilty. *See Ghiassi*, 729 F.3d at 698 ("A defendant is not required to affirmatively admit relevant conduct beyond the offense of conviction in order to be credited for accepting responsibil-ity."). Mr. Robinson admitted that he knowingly took pos-session of the gun in violation of the law.

In any case, the Government's argument that Mr. Robin-son disclaimed responsibility for his criminal conduct is based on its inaccurate, implausible reading of Mr. Robin-son's statement. He explained that he decided to keep the firearm because he "couldn't give it back to the public or the community or give it back to" the young man.[13] When Mr. Robinson explained that he could not give "it" back to its owner or "to the public or the community,"[14] he was re-ferring to the gun and explaining his decision to "keep it"[15] in the car. This was an argument in mitigation of the seri-ousness of Mr. Robinson's offense: he chose to take posses-sion of the gun because he deemed it to be a safer option than ditching it ("giv[ing] it back to the public")[16] or return-ing it to someone who could be "fin' to do"[17] something dangerous. The Government counters that "it" referred to "the [possession] charge," arguing that Mr. Robinson decid-ed to keep "the [possession] charge" because he could not

---

[13] *Id.* at 24:8–9.

[14] *Id.* at 24:8.

[15] *Id.* at 24:7.

[16] *Id.* at 24:8.

[17] *Id.* at 24:5.

"give it back" to someone else.[18] That reading is strained, and no evidence suggests that the district court interpreted Mr. Robinson's statement this way.

The district court did not find that Mr. Robinson had unreasonably delayed his guilty plea; yet the Government now defends the court's revocation on this ground. Notably, in the district court, the Government *recommended* the reduction despite whatever delays had occurred. The court, moreover, explicitly tied its decision to revoke the points to the defendant's statement at sentencing. The Government's argument, therefore, is a red herring. We review the district court's explanation of the sentence; we do not entertain post hoc rationales for the court's action. *United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008) (An appellate court "must consider the sentencing court's explanation of its reasons for imposing a particular sentence.").

## B. Double Counting

Mr. Robinson's second appellate argument—that the district court erroneously double counted his past convictions when calculating his guidelines range—is meritless. Mr. Robinson repeats the argument he made at the sentencing hearing: that the court could not use his past convictions to support both his base offense level under § 2K2.1(a)(1) and the armed career criminal enhancement. But doing so does not amount to impermissible double counting—*i.e.*, using the same conduct to increase the guidelines range more than once. *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). The court's calculation, rather, was a straightforward application of the Guidelines. Because Mr. Robinson is an

---

[18] *See id.* at 24:4–10; Government's Br. 5.

armed career criminal—a finding he does not contest on appeal—§ 4B1.4(b) provides that the offense level "is the greatest of" the calculations under either § 2K2.1(a)(1) or § 4B1.4(b). For Mr. Robinson, that was an offense level of 33 under § 4B1.4(b)(3)(B). His offense level of 26 under § 2K2.1(a)(1) ultimately was irrelevant because his armed career criminal status required jettisoning it in favor of the higher level, *see* U.S.S.G. § 4B1.4(b). True, both Mr. Robinson's armed career criminal status and his § 2K2.1(a)(1) offense level depended on prior convictions. But the court imposed a sentence under § 4B1.4 alone, so the prior convictions counted against him just once.

## CONCLUSION

The district court clearly erred in denying Mr. Robinson points for accepting responsibility. We vacate the judgment and remand for resentencing with the acceptance points reinstated.

VACATED and REMANDED