In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-1400

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOSEPH A. WILCHER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 20-CR-40069-001 — **James E. Shadid**, *Judge.*

ARGUED MAY 23, 2023 — DECIDED JANUARY 25, 2024

Before SYKES, *Chief Judge*, and BRENNAN and PRYOR, *Circuit Judges*.

PRYOR, *Circuit Judge*. In explaining Joseph Wilcher's sentence, which included both a custodial prison term and a supervised release term, the district court discussed only the seriousness of Wilcher's offense and not any of his mitigating arguments. Wilcher appeals, arguing that his sentence is procedurally unreasonable. Because the court failed to

adequately explain the chosen sentence, precluding meaning-ful appellate review, we remand for resentencing.

## I.  BACKGROUND

Joseph Wilcher drove across state lines to have sex with who he thought was a fifteen-year-old girl but who was really a federal agent. A jury accordingly convicted him of at-tempted enticement of a minor and travel with intent to en-gage in illicit sexual activity. 18 U.S.C. §§ 2422(b), 2423(b).

Before sentencing, the United States Probation Office pre-pared a Presentence Investigation Report ("PSR"). The proba-tion officer who prepared the PSR calculated an offense level of 30, based on the attempted enticement of a minor convic-tion, and a two-level enhancement for using a computer to complete the crime. *See* U.S.S.G. § 2G1.3(a)(3), (b)(3). With no criminal history points, Wilcher's offense level yielded an ad-visory guideline range of 120 to 121 months' imprisonment on the attempted enticement of a minor conviction and 97 to 121 months' imprisonment on the traveling with the intent to engage in illicit sexual activity conviction.[1] The PSR also ex-plained that the statutory range for Wilcher's term of super-vised release was five years to life. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b)(2).

At sentencing, the district court discussed the PSR with the parties. After ruling on an objection that Wilcher's counsel made to a condition of release related to alcohol, which is not relevant to this appeal, the court calculated the same ranges

---

[1] Because of the 10-year mandatory minimum prison term on the 18 U.S.C. § 2422(b) child-enticement conviction, the effective sentencing guideline range on this count was narrowed to 120 to 121 months.

as the PSR for both Wilcher's term of imprisonment and term of supervised release. Neither party objected.

Next, the district court heard argument on the appropriate sentence. The government requested 121 months in prison and a lifetime term of supervised release. It focused on the seriousness of Wilcher's offense and the lengths to which he went to meet the supposed minor. Wilcher, on the other hand, sought 120 months' imprisonment followed by five years of supervised release. Wilcher's counsel argued that this was warranted because Wilcher had already spent a year on home incarceration, which would not count toward his sentence. He also maintained that a lifetime of supervised release was unwarranted in light of Wilcher's limited criminal history, and instead argued that five years was a long enough test run to see if Wilcher would offend again.

After hearing argument, the district court announced the sentence. Apart from confirming that it had read the parties' submissions and that the sentence was sufficient but not greater than necessary, the only explanation the court gave— for either the custodial prison term or supervised release— was the seriousness of the offense:

> THE COURT: [T]he Court having considered all the information before it … [under] the factors in 3553, I believe the following sentence is sufficient but not greater than necessary to comply with the purpose of the Act.
>
> The seriousness of this offense is evident, and actually driving a considerable distance to meet who he thought was a minor child, so the Court will impose a sentence of 120 months as

mandated on each of Counts I and II to be
served concurrently with each other.

I'll find no ability to pay a fine, and no fine is
imposed.

Following your release from custody, serve a
ten-year term of supervised release on each of
Counts I and II to be served concurrent with
each other.

At the end of the hearing, the court asked if it should address "anything else," and Wilcher's counsel responded in the negative. Wilcher now appeals.

## II.    DISCUSSION

Wilcher argues that the district court procedurally erred at sentencing for two reasons. First, Wilcher contends that the district court failed to adequately explain its reasons for imposing a ten-year term of supervised release. Second, Wilcher says that the court failed to consider his principal mitigation arguments.

Before moving to the analysis, we offer a word on the standard of review. When evaluating a procedural challenge to a sentence, we apply de novo review, assuming the arguments on appeal are preserved. *United States v. Annoreno*, 713 F.3d 352, 356–57 (7th Cir. 2013). In doing so, we assess whether the district court committed any significant error, such as by failing to adequately explain a sentence. *United States v. Scott*, 555 F.3d 605, 608 (7th Cir. 2009) (citing *Gall v.*

*United States*, 552 U.S. 38, 51 (2007)).[2] If the district court erred, we apply the doctrine of harmless error to determine whether resentencing is necessary. *United States v. Morris*, 775 F.3d 882, 885 (7th Cir. 2015). Sentencing errors are considered harmful unless the government proves that they did not affect the district court's choice of sentence. *United States v. Clark*, 906 F.3d 667, 671 (7th Cir. 2018).

Even though Wilcher argues that the district court procedurally erred by failing to explain the sentence, the government maintains that we should review for plain error because he did not raise these arguments at the end of the sentencing hearing, when the district court offered his counsel a chance to speak. We disagree. As we recently confirmed in *United States v. Wood*, our review is de novo in this circumstance. 31 F.4th 593 (7th Cir. 2022); *see also Morris*, 775 F.3d at 886.

Federal Rule of Criminal Procedure 51 governs the preservation of errors. Rule 51(a) applies when an error is "created by" the ruling itself. *Wood*, 31 F.4th at 597–98; *see also United States v. Bingham*, --- F.4th ----, 2023 WL 8722172, at \*2 (7th Cir. 2023). A party need not take "exception" to one of these errors, which means that a party need not complain about the ruling after it has been made.[3] *Wood*, 31 F.4th at 597–98; *Morris*, 775 F.3d at 886 (citing *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009)). A party can waive such an error only if,

---

[2] Challenges to the substantive reasonableness of a sentence, by contrast, are reviewed for abuse of discretion. *United States v. Griffith*, 913 F.3d 683, 687 (7th Cir. 2019).

[3] At the same time, we encourage parties to air and resolve issues in the district court when possible. *Wood*, 31 F.4th at 599. Raising issues below gives the district judge a chance to consider the issue in the first instance and could avoid the time and expense of an appeal. *Id.*

after the ruling, the district court asks if the party has an objection about the specific issue in question, and the party says that it does not. *See, e.g.*, *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

On the other hand, Rule 51(b) applies when the grounds for appeal exist "prior to and separate from the ruling," meaning a party had a chance to formulate a position beforehand. *Wood*, 31 F.4th at 597–98. In this circumstance, a party must either inform the district court of its position before the ruling or object to the court's action, assuming it has an opportunity to do so. *Id.* at 598.

In this case, as in *Wood*, the district court gave Wilcher's counsel a chance to speak at the end of the hearing, asking if he wanted to address "anything else." So did counsel have to take exception to the ruling under Rule 51(a) or make an objection under Rule 51(b) to preserve the arguments that Wilcher now raises on appeal?

The answer is no. In *Wood*, we explained that "[a] district court's explanation of its sentencing decision, regardless of whether it precedes or follows the announcement of the sentence itself, is a ruling to which an exception is not required." *Id.* at 597. So the first claimed error—that the district court relied on an improper consideration while explaining the sentence—was created by the ruling itself. Rule 51(a) thus applies, meaning Wilcher did not need to protest the error to preserve it for appeal.

The same is also true of Wilcher's second argument. Recall, prior to the district court's ruling, Wilcher made several mitigation arguments. Wilcher asserts on appeal that the second procedural error occurred when the district court passed

over these principal arguments in mitigation while explaining the sentence. Wilcher therefore did not need to take exception to the judge's decision to preserve this argument on appeal. *See Morris*, 775 F.3d at 886; *Bartlett*, 567 F.3d at 910 ("[W]hen an issue is argued before the judicial ruling, counsel need not take exception once the court's decision has been announced.").

As discussed, a defendant can sometimes waive an argument concerning an error created by a ruling based on his response to the district court's questioning after the ruling. The district court's question at the end of the hearing here, however, was not specific enough to require Wilcher to say anything more. We have held, for instance, that if a district court asks a defendant whether it has addressed his main arguments in mitigation, a defendant's affirmative response can waive an appellate argument to the contrary. *Garcia-Segura*, 717 F.3d at 569. But the same does not go for a generic inquiry, such as the "anything else?" asked by the court at the end of Wilcher's hearing. *Morris*, 775 F.3d at 886. This sort of question cannot lead to waiver or forfeiture because it does not put a defendant on notice that he must do anything further to preserve a particular sentencing argument. *United States v. Esposito*, 1 F.4th 484, 486 (7th Cir. 2021); *Morris*, 775 F.3d at 886.

Our review of each of Wilcher's procedural challenges to his sentence is de novo.

## A. Adequacy of Sentencing Explanation

We turn now to Wilcher's first argument. He contends that the district court relied on an off-limits consideration when imposing supervised release.

### 1. *Legal Background*

Courts must "adequately explain" the sentences they hand down. *Gall v. United States*, 552 U.S. 38, 50 (2007). Their explanations need not be exhaustive or reference each 18 U.S.C. § 3553(a) factor, but courts must still show that they thoroughly considered the relevant factors. *United States v. Orozco-Sanchez*, 814 F.3d 844, 848 (7th Cir. 2016). The reason is twofold: to allow for "meaningful appellate review" and to "promote the perception of fair sentencing." *Gall*, 552 U.S. at 50.

Because supervised release is part of a sentence, *United States v. Kappes*, 782 F.3d 828, 837 (7th Cir. 2015), a district court must adequately explain why the length and conditions of supervised release are necessary, *United States v. Falor*, 800 F.3d 407, 411 (7th Cir. 2015). To do this, though, a court doesn't always have to offer separate justifications for a prison term and a supervised release term. If the explanation for one "reasonably supports" the other, then a court can provide a single statement of reasons justifying both of them. *United States v. Manyfield*, 961 F.3d 993, 997 (7th Cir. 2020).

Where things get difficult is when the same explanation cannot justify both terms. Congress has directed courts to consider certain principles when sentencing a defendant to prison and certain principles when imposing a term of supervised release—and not all of those principles are the same.

In general, district courts must consider several factors when determining an appropriate sentence, including:

> [T]he need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Not every factor, however, can be taken into account at every stage of sentencing. When imposing a prison term, for example, sentencing courts are precluded from lengthening imprisonment to promote rehabilitation. 18 U.S.C. § 3582(a); *Tapia v. United States*, 564 U.S. 319, 332 (2011). Likewise, in telling courts what they may consider when imposing a term of supervised release, Congress left § 3553(a)(2)(A) (which includes the seriousness of the offense) off the list. 18 U.S.C. § 3583(c).

As a result of this omission, the Supreme Court has instructed district courts not to take account of "retribution (the first purpose listed in § 3553(a)(2))" when deciding whether to issue a term of a supervised release. *Tapia*, 564 U.S. at 326 (referring to § 3553(a)(2)(A)). We've said the same. *United States v. Shaw*, 39 F.4th 450, 456–57 (7th Cir. 2022). The upshot is that, when it comes time to think about supervised release, a sentencing judge may not consider any of § 3553(a)(2)(A)'s component parts, including the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See id.* at 459 (concluding that a district court may not consider whether the need to provide just punishment supports a term of supervised release).

To help navigate this area, we have encouraged district courts to separate out their discussions of prison time and supervised release when the reason for imposing one cannot apply to the other. *Id.*; *see also United States v. Burden*, 860 F.3d 45, 57 (2d Cir. 2017) (doing the same).

### 2. *The District Court Relied on an Impermissible Factor*

The argument Wilcher crafts out of this doctrine is straightforward: because the sole justification the district court offered for his sentence was the seriousness of the offense, and courts cannot rely on that principle when handing down a term of supervised release, the district court did not adequately explain his sentence. We agree.

To be sure, we do not doubt that the district judge took care in sentencing Wilcher. The judge sat through the trial, had full command of the evidence, and perhaps gave a shorter explanation because he imposed the defendant's requested term of imprisonment. Moreover, it was appropriate for the court to consider the seriousness of the offense for purposes of determining Wilcher's prison term. But Congress has instructed that district courts cannot rely on the seriousness of the offense when crafting a supervised release term, and the court here relied—expressly and exclusively—on that factor.

For this reason, we are unable to meaningfully review why the district court imposed supervised release. Take away the district court's reliance on the seriousness of the offense and we are left only with the court's assurances that it considered each side's argument, the PSR, and the § 3553(a) factors. These boilerplate statements don't allow us to assess the court's work because they give us "no indication of how [it]

weighed the various sentencing factors, or what facts supported the exercise of its discretion." *United States v. Lyons*, 733 F.3d 777, 785 (7th Cir. 2013).[4]

This all means that we must send Wilcher's case back for resentencing. Though we have sometimes affirmed when a sentencing explanation contained similar errors, those cases differ in a key way. In each of them, the district court's decision, when read as a whole, demonstrated that the court primarily relied on permissible factors and adequately explained the sentence under § 3553(a). *See, e.g.*, *United States v. Schrode*, 839 F.3d 545, 554 (7th Cir. 2016) (explaining that the court also considered a host of legitimate reasons); *United States v. Ford*, 798 F.3d 655, 664 (7th Cir. 2015) (holding that reliance on § 3553(a)(2)(A) when revoking supervised release, a stage at which courts also cannot consider that factor, was not an error because "[t]he court placed little weight on [the] factor"); *United States v. Clay*, 752 F.3d 1106, 1108 (7th Cir. 2014) (holding that a court may consider § 3553(a)(2)(A) when revoking

---

[4] Our conclusion applies regardless of how we read the transcript. Recall that the district court said: "The seriousness of this offense is evident, and actually driving a considerable distance to meet who he thought was a minor child." To our eye, the court referenced how far Wilcher drove to emphasize why his offense was serious. Even if we were to interpret the reference to driving distance as a stand-alone comment unrelated to the seriousness of the offense, we still could not meaningfully review the explanation. Reciting a fact—how far Wilcher drove—does not explain why Wilcher deserved ten years of supervised release. For the court to have adequately justified its decision, it would have needed to indicate how this detail interacts with the relevant sentencing factors. *Cf. United States v. Washington*, 739 F.3d 1080, 1081 (7th Cir. 2014) ("[T]he court's reference to the seriousness of drug crimes in general did nothing to explain why, in the context of [the defendant's] particular offense, the court settled on a sentence of 97 months.").

supervised release as long as the court "relies primarily on [permissible] factors"); *see also United States v. Salgado*, 917 F.3d 966, 969–70 (7th Cir. 2019) (concluding that a district court's insufficient explanation about an enhancement was harmless because the court stated that it would have imposed the same sentence without the enhancement).

This case is instead like *Shaw*. There, we remanded because the impermissible factor appeared to be the "driving force" behind the district court's decision and not just something that was "thrown into a blender with myriad other factors." *Shaw*, 39 F.4th at 459 (quoting *United States v. Vázquez-Méndez*, 915 F.3d 85, 88 (1st Cir. 2019)). Because the seriousness of the offense was the sole thing the district court mentioned here, it was undoubtedly a driving force behind the decision to impose supervise release.

We therefore must remand for resentencing.

### 3.  *The Government's Counterarguments*

The government's counterarguments do not persuade us otherwise. It first contends that the district court could, in fact, consider the seriousness of the offense. A district court, the argument goes, can consider the nature of an offense when imposing a term of supervised release. *See* 18 U.S.C. § 3583(c) (directing district courts to consider § 3553(a)(1)). Because we acknowledged in *United States v. Clay* that an offense's nature overlaps with its seriousness, the government's argument continues, a district court can functionally consider the seriousness of an offense through considering its nature. 752 F.3d 1106, 1108–09 (7th Cir. 2014).

*Clay* is inapplicable. Although *Clay* acknowledged the overlap between the nature and seriousness of an offense, it

held that a district court must still rest its decision "primarily" on the factors that Congress has deemed permissible. 752 F.3d at 1108. As we have explained, the only factor that the district court relied on in this case was an impermissible factor.

In an attempt to resist this conclusion, the government next suggests that the district court did rely on other, permissible factors. The government believes, for example, that the court's comment about the distance Wilcher drove and its decision to impose a condition of release concerning alcohol use must have reflected its desire to protect the public. The government also contends that the court must have incorporated the reasons in the parties' written submissions, given that the court said it read those submissions.

A sentencing transcript is not a Rorschach test: we cannot see in it what we want to. We review what the district court explained to the defendant, not what a party conjures up after the fact. *United States v. Robinson*, 942 F.3d 767, 772 (7th Cir. 2019). Even if we are confident that the district court carefully deliberated the supervised release term, we may not justify the sentence with our "best guess" for why the court handed it down. *United States v. Titus*, 821 F.3d 930, 935 (7th Cir. 2016). Here, the district court alluded to none of the reasons that the government gleans from the transcript, therefore we cannot review those reasons. Nor can we assume that the court adopted the arguments in the presentence filings just because it read them. Again, the district court's sentencing statements give us no window into which parts of the written submissions the court relied on and why. Without that information, we cannot meaningfully review its decision. *Lyons*, 733 F.3d at 785.

Lastly, the government contends that the district court did not need to say more because it exercised little discretion. This is so, the government says, because the court imposed a term of supervised release that was only five years above the statutory minimum and well below the government's request of a lifetime term. We disagree. Nothing is ever "only" five years—particularly not a restriction on someone's liberty. The court imposed double what Wilcher asked for, and after he made several arguments in support of a five-year term of supervised release. Our case law required the court to explain its decision by relying on factors that Congress has deemed relevant to that decision.

In sum, the district court erred by relying on the seriousness of the offense when imposing a term of supervised release following imprisonment. Without more explanation for the district court's decision to impose supervised release, we are unable to determine if this error was harmless, and must remand for resentencing.

## B.  Failure to Consider Mitigating Arguments

We now turn to Wilcher's second argument. He contends that the district court procedurally erred by failing to consider his principal arguments in mitigation. The government does not address this point.

A sentencing court must assure us that it has considered each side's principal arguments in mitigation. *Rita v. United States*, 551 U.S. 338, 356 (2007); *Kappes*, 782 F.3d at 864. In determining whether a court addressed an argument, we consider the "totality of the record." *United States v. Poetz*, 582 F.3d 835, 839 (7th Cir. 2009) (holding that no error occurred because it was "apparent from th[e] record that the judge fully

understood [the] argument … and implicitly considered and rejected it in imposing a lenient, below-guidelines term of imprisonment").

Here, nothing in the record assures us that the district court considered Wilcher's mitigating arguments. Remember that Wilcher argued, for instance, that he had a limited criminal history and that five years of supervised release following his prison term would be long enough of a trial period to determine if he would reoffend. The court did not expressly address these points or any of Wilcher's other arguments, nor did its one-line explanation suggest an implicit consideration of them. Because the record is "too thin for meaningful review," *United States v. Washington*, 739 F.3d 1080, 1082 (7th Cir. 2014), we are unable to determine if the error was harmless and must remand. *Morris*, 775 F.3d at 885; *see also*, *e.g.*, *United States v. Johnson*, 643 F.3d 545, 550 (7th Cir. 2011) (remanding because the district judge did not implicitly or explicitly consider the defendant's principal mitigating argument); *United States v. Estrada-Mederos*, 784 F.3d 1086, 1093 (7th Cir. 2015) (same); *United States v. Poulin*, 745 F.3d 796, 801 (7th Cir. 2014) (same).

## C. Scope of Remand

The parties disagree on the scope of the remand. Wilcher asks for a partial resentencing rather than a full resentencing. He wants the district court to reconsider only his term of supervised release, not his term of imprisonment as well. In support, he argues that nothing in the transcript indicates that the court would adjust his prison term if it adjusted his term of supervised release. On this issue, we disagree with Wilcher.

A criminal sentence is typically a "package" made up of several parts, including the terms of imprisonment and supervised release. *United States v. Mobley*, 833 F.3d 797, 801 (7th Cir. 2016). If we disturb one part of the package, the district court may wish to reconfigure the rest to achieve the goals it had in mind at the original sentencing. *Pepper v. United States*, 562 U.S. 476, 507 (2011). Indeed, because a prison term and a supervised release term serve "somewhat … overlapping purposes … there might properly be an interplay" between the two. *Mobley*, 833 F.3d at 801 (quoting *Kappes*, 782 F.3d at 866–67). As a result, a limited remand would be proper only when the record "convinces us" that the rest of the sentence would not change. *United States v. Wylie*, 991 F.3d 861, 865 (7th Cir. 2021).

While Wilcher is correct that we do not know whether the district court would want to modify any other part of the sentencing package if it revised his term of supervised release, the conclusion he draws from this fact—that we should remand for a limited resentencing—flips the test on its head. Before we can order a limited remand, the record must convince us that the district court would *not* alter the rest of the sentence. *Id.* Because the transcript is silent on this question, and we see no way to draw inferences one way or the other, a complete resentencing is appropriate.[5]

---

[5] Wilcher also argues that a full remand will "lead the district court into error." In his view, if the district court were to increase his prison or supervised release term on remand, due process concerns would arise. It is true that the imposition of a higher sentence after a successful appeal can form the basis of a due process claim. *United States v. Soy*, 413 F.3d 594, 608–09 n.15 (7th Cir. 2005). To assess those claims, we apply an "aggregate

### III.    CONCLUSION

For these reasons, we VACATE Wilcher's sentence and REMAND for a full resentencing hearing.

---

package" approach—under which we ask if the total original punishment is higher than the total punishment after resentencing. *United States v. Rivera*, 327 F.3d 612, 615 (7th Cir. 2003). We trust the district court to follow this law and see no reason to restrict its discretion.