In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 23-1564

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM CAMPBELL,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:21-cr-00285 — **Tanya Walton Pratt**, *Chief Judge.*

---

ARGUED FEBRUARY 8, 2024 — DECIDED APRIL 24, 2024

---

Before EASTERBROOK, SCUDDER, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* William Campbell stole more than 25 firearms from an Indiana home. Law enforcement ultimately recovered eight of those firearms; the whereabouts of the remaining firearms are still unknown. After Campbell pleaded guilty to unlawfully possessing those eight firearms, the district court sentenced him to 96 months of imprisonment. At the end of a lengthy explanation for the sentence imposed, the court remarked that the missing guns were "likely

in the hands of other felons," because felons "are the people who buy stolen guns." On appeal, Campbell asks us to find that this statement amounted to impermissible speculation requiring us to vacate his sentence. We decline to do so.

## I. Background

In February 2021, William Campbell and his cousin burglarized an Indiana home. The pair stole over 25 firearms, and then sold them to another person. Officers ultimately recovered eight of the stolen firearms. The rest remain unaccounted for.

A grand jury indicted Campbell for possessing the eight recovered firearms as a felon in violation of 18 U.S.C. § 922(g)(1). Campbell entered a blind plea of guilty, and the district court sentenced him the same day. In advance of the hearing, the United States Probation Office submitted a presentence investigation report ("PSR") calculating an adjusted offense level of 29 and a criminal history category of III, resulting in an advisory Guidelines range of 108 to 120 months' imprisonment.

At the hearing, the district court accepted Campbell's guilty plea and proceeded to sentencing. After confirming that there were no objections, the court adopted the PSR and calculated Campbell's Guidelines range consistent with its determinations.

After the parties presented their sentencing arguments, the district court announced its intention to sentence Campbell to a below-Guidelines sentence of 96 months' imprisonment. As required, the court explained its sentence with reference to the 18 U.S.C. § 3553(a) factors, extensively discussing the mitigating and aggravating circumstances of

Campbell's case before making the following statement at issue in this appeal:

> The nature and circumstances of the offense also cannot be overlooked. Not only did he burglarize someone's home, but more than 25 firearms were stolen and only eight of those firearms [have been recovered]. The remainder are in the community here in the Southern District of Indiana somewhere, likely in the hands of other felons. Those are the people who buy stolen firearms because they can't purchase them legally.

The court then imposed the sentence, which Campbell now appeals.

## II. Discussion

### A. Standard of Review

Campbell asserts that the district court's final comment in its sentencing explanation amounts to procedural error and requires us to vacate his sentence. Our standard for reviewing such a procedural challenge to a district court's remarks in explaining a sentencing decision is well settled: we review it de novo. *United States v. Wood*, 31 F.4th 593, 597 (7th Cir. 2022).

The government nevertheless argues that we should review Campbell's challenge to the district court's sentencing explanation for plain error because Campbell did not contemporaneously object to the court's comment at sentencing. Yet we have been clear that "[a] district court's explanation of its sentencing decision, regardless of whether it precedes or follows the announcement of the sentence itself, is a ruling to which an exception is not required." *United States v. Wilcher*, 91 F.4th 864, 870 (7th Cir. 2024) (quoting *Wood*, 31 F.4th at 597);

*see* Fed. R. Crim P. 51(b) ("If a party does not have an oppor-
tunity to object to a ruling or order, the absence of an objection
does not later prejudice that party."). Absent a specific oppor-
tunity to object to the alleged error and a specific, affirmative
indication of intent to waive any such objection, a defendant
does not waive the right to lodge a procedural challenge to a
district court's sentencing explanation on appeal. *See id.* at
871.

Campbell received no such opportunity to object here. The
issue was not addressed in the PSR, and the district court
made this remark only "moments before" imposing his sen-
tence. *See Wood*, 31 F.4th at 598. Afterwards, the court merely
inquired whether Campbell understood his appellate rights,
and whether counsel had recommendations regarding Camp-
bell's incarceration location. These "generic inquir[ies]" could
not have put Campbell "on notice that he must do anything
further to preserve" the argument he now raises on appeal.
*See Wilcher*, 91 F.4th at 870–71.[1] We review Campbell's proce-
dural challenge de novo.

**B. Sentencing Remarks**

We turn to Campbell's only argument on appeal: that the
district court procedurally erred by relying on speculative
and unsupported information when imposing his sentence.

---

[1] Nor are we persuaded that Campbell had an opportunity to object
earlier in the sentencing hearing after the government discussed "the
problem that we have with firearms circulating out into the open where it
starts with a legal owner, but then, gets stolen by someone" in its sentenc-
ing argument. Campbell challenges the district court's statements—not
the government's—and those statements were "created by the district
court's ruling itself." *Wood*, 31 F.4th at 598.

Criminal defendants have a right to be sentenced based on accurate information. *Wood*, 31 F.4th at 599. "Sentencing judges necessarily have 'discretion to draw conclusions about the testimony given and evidence introduced at sentencing,' but 'due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations.'" *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010) (quoting *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009)). Accordingly, a district court procedurally errs when it "relie[s] on unreliable or inaccurate information in making its sentencing decision." *England*, 555 F.3d at 622. On appeal, a defendant must show "that the sentencing court *relied on* the misinformation in passing sentence." *United States v. Propst*, 959 F.3d 298, 304 (7th Cir. 2020) (emphasis added) (quoting *United States ex rel. Welch v. Lane*, 738 F.2d 863, 865 (7th Cir. 1984)).[2]

Pointing to the very last sentences of the district court's sentencing explanation, Campbell argues that the district court impermissibly reached and relied on two speculative conclusions when imposing his sentence: (1) the location of the missing firearms ("The remainder are in the community here in the Southern District of Indiana somewhere…."); and (2) the likely possessors of the firearms ("[They are] likely in the hands of other felons. Those are the people who buy stolen firearms because they can't purchase them legally.").

---

[2] The parties dispute at length whether a defendant's burden differs where the defendant alleges that a district court relied on *inaccurate* as opposed to *speculative* information. To the extent our caselaw draws such a distinction, it is irrelevant here: in either case a defendant must show at the threshold that a district court *relied on* the challenged information.

When viewing the sentencing transcript as a whole, we are unpersuaded that the district court improperly relied on either of these statements—which appear in a passing comment at the very end of sentencing—in imposing Campbell's sentence. *See United States v. Hendrix*, 74 F.4th 859, 870 (7th Cir. 2023). The comment came after a lengthy and robust explanation of the sentencing decision. In that explanation, the court appropriately assessed the § 3553(a) factors, including the mitigating and aggravating circumstances of Campbell's case. *See United States v. Saldana-Gonzalez*, 70 F.4th 981, 985 (7th Cir. 2023) (affirming a defendant's sentence where, "[t]aken as a whole, the sentencing transcript demonstrate[d] that the court based its sentence on considerations authorized by the law" (quoting *United States v. Wilson*, 383 F. App'x 554, 557 (7th Cir. 2010)). The court's evaluation of these factors, not its final passing comment, underpinned Campbell's sentence.

True, the court made the disputed remarks after stating that "the nature and circumstances of the offense also cannot be overlooked." But, reading the court's statement in context, the court was referring to the fact that Campbell "burglarize[d] someone's home," and stole "more than 25 firearms," of which "only eight" were recovered. The court then expounded on the significance of this conduct with the disputed remarks. It is clear that the court's concern was *not* that the firearms were, as a factual matter, located in the Southern District of Indiana or, as a factual matter, in the hands of felons. Rather, the court's valid concern was that these firearms are now unaccounted for, somewhere in the public, where authorities cannot track their owners and whereabouts. That these weapons *could* end up in the hands of felons and *could* be used to commit felonies was the kind of "commonsense inference[]" that "our precedents allow a district court great

leeway to make." *United States v. Moody*, 915 F.3d 425, 431 (7th Cir. 2019); *see also United States v. Brown*, 880 F.3d 399, 407 (7th Cir. 2018) (affirming a sentence where "the district court's statements … [were] not unfounded assumptions but [were] grounded in caselaw, in the record, and in common sense").

In short, a review of the entire sentencing transcript provides us no reason to believe that the district court intended its final remarks at Campbell's sentencing to serve as "literal statement[s] of fact to support the sentence imposed." *See United States v. Oliver*, 873 F.3d 601, 609 (7th Cir. 2017). Accordingly, Campbell has failed to show that the district court relied on speculative or inaccurate information in imposing his sentence.

\* \* \*

The judgment of the district court is

AFFIRMED.