In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2875

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT TOWNSEND,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:21-CR-30043 — **James E. Shadid**, *Judge*.

ARGUED JUNE 5, 2024 — DECIDED JULY 2, 2024

Before EASTERBROOK, BRENNAN, and JACKSON-AKIWUMI, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. After his conviction for attempted enticement of a minor, 18 U.S.C. §2422(b), Robert Townsend was sentenced to 10 years' imprisonment, to be followed by 10 years' supervised release. Townsend contends that the district judge erred by allowing his crime's seriousness to affect the length of supervision.

"The court, … in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. §3583(c). Section 3553, to which §3583 refers, sets out criteria relevant to the length of imprisonment. The list in §3583 omits §3553(a)(2)(A), which reads: "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" (retribution). This led the court to hold in *United States v. Wilcher*, 91 F.4th 864 (7th Cir. 2024), that the duration of supervised release may not rest solely on the seriousness of the crime. Townsend wants us to extend that holding to say that seriousness of an offense may not be considered at all.

The problem with that proposed extension is easy to see. Look again at the list of criteria in §3553 that apply through §3583. One is "the nature and circumstances of the offense" (§3553(a)(1)). Another is deterrence (§3553(a)(2)(B)). A third is public protection (incapacitation of dangerous persons) (§3553(a)(2)(C)). Yet the nature of the offense, the need for deterrence, and the need to protect the public all correlate with the seriousness of the offense. The more serious the crime, the greater the need to deter it and the more important it is to protect the public from a repetition. Not even Thomas Reed Powell, who famously defined the legal mind as one that can think of something that is inextricably connected to something else without thinking about what it is connected to, could contemplate deterrence and incapacitation without giving *some* thought to the crime's seriousness.

The district judge's explanation was short and direct:

> You're a danger to the public. You were willing, in a very short amount of time, to locate a minor child online, to persuade that child to engage in sexual conduct, and then to attempt to do so. You confirmed the minor was alone. You drove to the address provided. You brought condoms which the child had requested, as well as a cellular phone you had been communicating with to the minor.

Danger to the public is a permissible consideration no matter its relation to the crime's seriousness. See §3583(c), incorporating §3553(a)(2)(C). The district court's observations sum up "the nature and circumstances of the offense", which likewise are permissible criteria.

*Wilcher* was clear that its problem lay in making seriousness the "sole justification" for the length of supervision (91 F.4th at 872), relying "expressly and exclusively" (*ibid*.) on that factor, and making "the seriousness of the offense … the sole thing the district court mentioned" (*id*. at 873). In Townsend's case, by contrast, the district judge stressed permissible considerations. See *Ibid*.; *United States v. Clay*, 752 F.3d 1106, 1108–09 (7th Cir. 2014). The more dangerous the behavior, the greater the need for supervision to protect the public from a recurrence. That's the judgment of Congress, with which *Wilcher* does not disagree. We held in *Wilcher*, and stress again today, that the omissions from the list in §3583(c) must be respected—and the inclusions also must be honored.

AFFIRMED