**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4702**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMIRION KEZIAH BARNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge.  (7:23-cr-00026-M-BM-1)

Submitted:  November 14, 2024                  Decided:  November 18, 2024

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demirion Keziah Barnett appeals the 100-month sentence imposed by the district court following his guilty plea to possession of a firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).  On appeal, Barnett contends that the district court erred in calculating his advisory Sentencing Guidelines range by applying a two-level enhancement under U.S. Sentencing Guidelines Manual § 3C1.1 (2023), for obstruction of justice based on the court's finding that, after Barnett was arrested, he called another person from jail and instructed that person to create a false affidavit claiming ownership of certain firearms that law enforcement had attributed to Barnett.  Barnett also asserts that his 100-month sentence is substantively unreasonable because the district court created an unwarranted sentencing disparity between him and other defendants sentenced in the Eastern District of North Carolina when it considered his juvenile criminal history and scored two of Barnett's juvenile adjudications in determining his criminal history category. *See* 18 U.S.C. § 3553(a)(6).  For the reasons stated below, we affirm.

Rather than review the merits of Barnett's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted).  "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the

defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Shivers*, 56 F.4th 320, 327 (4th Cir. 2022). An error will be deemed harmless only when we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Here, the district court stated during the sentencing hearing that it would have imposed the same 100-month sentence even if it had miscalculated the Guidelines range. We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Barnett's sentence would be substantively reasonable even if the district court had sustained his objection to the two-level enhancement for obstruction of justice. Had the district court done so, Barnett's Guidelines range would have been 84 to 105 months' imprisonment rather than 100 to 125 months' imprisonment.

We are satisfied that the 100-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 84 to 105 months.[1] Indeed, the district court adequately explained why a 100-month sentence was necessary using the 18 U.S.C. § 3553(a) factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth

---

[1] Barnett's 100-month sentence is within the Guidelines range that he asserts is proper. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (recognizing that within-Guidelines-range sentence is presumptively substantively reasonable).

3

in § 3553(a)").  In particular, the district court emphasized that Barnett had a significant criminal history despite his young age and acknowledged that Barnett was serving a term of state probation for assault with a deadly weapon with intent to kill when he committed the instant offense.  Relatedly, the district court explained that consideration of Barnett's juvenile criminal history was proper because that history reflected Barnett's pattern of illegally possessing and using firearms, rendering his possession of a firearm here even more serious and dangerous.  Finally, the district court determined that a sentence of 100 months would promote respect for the law, provide just punishment for the offense, protect the public from any future crimes Barnett might commit, and afford adequate deterrence.  Because Barnett's 100-month sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable.[2]

---

[2] In making his substantive reasonableness argument, Barnett asserts that the district court did not adequately consider his arguments for a lower sentence.  That assertion sounds in procedural reasonableness, not substantive reasonableness.  *See United States v. Claybrooks*, 90 F.4th 248, 256-57 (4th Cir. 2024) ("A sentence is procedurally unreasonable if the district court . . . fail[s] to address the defendant's nonfrivolous arguments." (internal quotation marks omitted)).  In any event, Barnett identifies no argument for a lower sentence that the district court did not address.  *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (alterations and internal quotation marks omitted)).  Moreover, at the end of the sentencing hearing, the district court asked defense counsel whether it had failed to address any of counsel's significant arguments for a lower sentence, and counsel responded in the negative.  *See United States v. Wilcher*, 91 F.4th 864, 871 (7th Cir. 2024) ("We have held . . . that if a district court asks a defendant whether it has addressed his main arguments in mitigation, a defendant's affirmative response can waive an appellate argument to the contrary.").

4

For those reasons, we are satisfied that any Guidelines calculation error in these proceedings was harmless, and we reject Barnett's challenge to the substantive reasonableness of his sentence. *See McDonald*, 850 F.3d at 645. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*